IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SAM L. GILBERT,

Plaintiff,

v.  Case No. 2:24-cv-02308-JPM-jay

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## REPORT AND RECOMMENDATION

Plaintiff filed this action in state court seeking to challenge the Commissioner's collection of an overpayment of benefits under Title II of the Social Security Act. Defendant Commissioner removed the case to this Court and filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) In this Motion Defendant asserts that Plaintiff has not exhausted his administrative remedies and thus his case must be dismissed for lack of jurisdiction. Pro se Plaintiff Sam Gilbert has not responded. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order No. 2013-05. (Admin. Order 2013-05, Apr. 29, 2013.) For the following reasons, the undersigned recommends that Defendant's Motion be GRANTED and that this case be DISMISSED without prejuidce.

### Background

Plaintiff applied for retirement insurance benefits in August 2022. In June 2023, Plaintiff received notice from the agency that they had overpaid Plaintiff and his child, due to the amount of Plaintiff's 2022 earnings. The notices explained that Mr. Gilbert and his child could request

1

reconsideration of this determination, seek a waiver of the overpayments, or both. (*See* ECF No. 6-1, Exhibit B to Robertson Decl, PageID 26). The agency has no record that Mr. Gilbert or his child requested either reconsideration or waiver. (*See* Robertson Decl. 2 at ¶8, PageID 22)

Analysis

Both the determination of an overpayment and the disposition of a waiver request are initial determinations. *See* 20 C.F.R. § 404.902. An initial determination is not reviewable in the courts, rather, a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a); *see Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].").

First, an individual receives an initial determination from the agency regarding his overpayment. 20 C.F.R. § 404.902. If dissatisfied with an initial determination of overpayment, the individual may ask for reconsideration. 20 C.F.R. § 404.909. If the individual is seeking waiver of an overpayment, the individual is automatically given an opportunity for a personal conference if he requests waiver, but an initial review determines that the waiver cannot be approved. *See* 20 C.F.R. § 404.506(d). If dissatisfied with the reconsidered determination on the existence of an overpayment, or a personal-conference determination on waiver, the individual may next make a written request for a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.1430(a)(1) & (a)(6). If the individual is dissatisfied with the ALJ's hearing decision, or dismissal of a hearing request, he may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. Once the Appeals Council denies review, agrees to use of an expedited process, or issues a decision, the individual has received a final decision and may file a civil action in federal court. 20 C.F.R. §§ 404.900(a)(5), 404.981; *see also* 20 C.F.R. § 422.210. Again, the

decision is not considered a final agency decision that is subject to judicial review until all four steps have been completed. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(5).

Here, Plaintiff's Complaint indicates that he is filing his lawsuit because he does not believe some of his earnings should count for purposes of the Annual Earnings Test. As the Commissioner notes, Plaintiff's filing does not allege that he attempted to seek reconsideration or waiver, and Plaintiff has not alleged that there is an ALJ decision and an Appeals Council review of the matter. Likewise, there is no indication in agency files that he has done any of these things. The Commissioner has not issued a "final decision . . . made after a hearing," as required for judicial review under 42 U.S.C. § 405(g). The undersigned therefore recommends that the Court dismiss this Complaint for failure to state a claim. *See L.N.P. v. Kijakazi*, 64 F.4th 577 (4th Cir. 2023) (explaining that such a dismissal is appropriate where the plaintiff had not received a final decision that is subject to judicial review).[1]

## Conclusion

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). "Exhaustion is required because it serves the twin purposes

---

[1] The Commissioner notes that Plaintiff still has options to address his concerns with the agency. If he believes that some or all of his 2022 earnings should be excluded for this reason, he should contact his local field office. Although the time to request reconsideration of the June 2023 determinations has expired, the field office can extend the time to request reconsideration upon a finding of good cause, can reopen the determination within one year for any reason, or can reopen the determination within four years for good cause (such as new and material evidence). *See* 20 C.F.R. §§ 404.909(b), 404.987, 404.989(a)(1). It can also still make corrections to his earnings record. *See* Exhibit C to Robertson Decl. ("You may contact our office at any time in the future to update your earnings record. However, in some cases, we cannot update an earnings record for a year more than seven years in the past.") Alternatively — as noted in the determination letters — Plaintiff (and his child) can request that the overpayments be waived. *See* 20 C.F.R. § 404.506; see also POMS GN 02250.060-02250.072 (listing examples of circumstances relating to the Annual Earnings Test and similar provisions that may justify waiver), indexed at https://secure.ssa.gov/apps10/ poms.nsf/lnx/0202250000 (last accessed May 2, 2024). A waiver may be requested at any time; the fact that the overpayment has already been recovered is "immaterial." POMS GN 02250.002A.1, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0202250002 (last accessed May 2, 2024; last updated Oct. 13, 2023).

of protecting administrative agency authority and promoting judicial efficiency." *Id*. at 145. The exhaustion doctrine reflects the "commonsense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id*. Because Plaintiff has not exhausted his administrative remedies to receive a final decision that is subject to judicial review under § 405(g), the undersigned Magistrate Judge recommends that Defendant's Motion be GRANTED and that this case be DISMISSED without prejudice.

    Respectfully submitted on June 24, 2024,

                              **s/Jon A. York**
                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.