IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SAM L. GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:24-cv-02308-JPM-jay |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Report and Recommendation filed by United States Chief Magistrate Judge Jon A. York on June 24, 2024. (ECF No. 7.) That Report and Recommendation was filed with respect to Defendant's Motion to Dismiss for Failure to State a Claim, filed on May 17, 2024. (ECF No. 6.) Defendant's Motion argued that "Mr. Gilbert has not exhausted his administrative remedies, so there has been no 'final decision' of the Commissioner as required by section 205(g) of the Act, 42 U.S.C. § 405(g) . . .[and therefore] judicial review is not currently available, and the Commissioner's Motion to Dismiss should be granted." (Id. at PageID 13.) For the reasons discussed below, the Magistrate Judge's Report and Recommendation is **ADOPTED,** Defendant's Motion is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

  I.  **LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R.

Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes. The "failure to properly file objections constitutes a waiver of appeal." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

I. **PROCEDURAL BACKGROUND**

Plaintiff filed suit in the Shelby County, Tennessee Court of General Sessions on April 15, 2024. (ECF No. 1-1.) Plaintiff alleged that Defendant "alleged that I received benefits I was not entitled to because I continued to work after receiving benefits" and sought to "show the court that the money [he] received was not from working." (ECF No. 1; see also ECF No. 1-1.) The case was removed to federal court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on May 13, 2024. (ECF No. 1.) The case was referred to the United States Magistrate Judge for management and all pretrial matters pursuant to Administrative Order No. 2013-05.

The Motion to Dismiss was filed on May 17, 2024. (ECF No. 6.) The Local Rules of the Western District of Tennessee require a party opposing a Motion to Dismiss to file their response within twenty-eight (28) days. L.R. 12.1(b). Plaintiff did not file a response in opposition to the Motion to Dismiss, or seek extension of time to file.[1] (See generally Docket.) Judge York's Report and Recommendation was filed on June 24, 2024. (ECF No. 7.) Plaintiff did not file an objection.[2]

II. **ANALYSIS**

Magistrate Judge York described the factual background of the case as follows:

---

[1] The 28-day period for response elapsed on June 14, 2024.
[2] Objections to the Report and Recommendation were due on July 8, 2024.

> Plaintiff applied for retirement insurance benefits in August 2022. In June 2023, Plaintiff received notice from the agency that they had overpaid Plaintiff and his child, due to the amount of Plaintiff's 2022 earnings. The notices explained that Mr. Gilbert and his child could request reconsideration of this determination, seek a wavier of the overpayments, or both. (See ECF No. 6-1 at PageID 26.)  The agency has no record that Mr. Gilbert or his child requested either reconsideration or waiver.  (See ECF No. 6-1 at PageID 22.)

(ECF No. 7 at PageID 48-49 (cleaned up).)  Magistrate Judge York then recommended that the Motion to Dismiss be granted because "Plaintiff has not exhausted his administrative remedies to receive a final decision that is subject to judicial review under § 405(g). . ."  (ECF No. 7 at PageID 51.)  Magistrate Judge York emphasized that Plaintiff was not without recourse—since Plaintiff seeks to dispute Defendant's finding that some of his earnings should count for the Annual Earnings Test, he can appeal to the Social Security Administration, then to an Administrative Law Judge, then, if he is not satisfied, to the Appeals Council and, if he remains unsatisfied, to a federal court.  (ECF No. 7 at PageID 49; see also 20 C.F.R. § 404.)  Magistrate Judge York described the process for appeals as follows:

> First, an individual receives an initial determination from the agency regarding his overpayment. 20 C.F.R. § 404.902.  If dissatisfied with an initial determination of overpayment, the individual may ask for reconsideration. 20 C.F.R. § 404.909.  If the individual is seeking waiver of an overpayment, the individual is automatically given an opportunity for a personal conference if he requests waiver, but an initial review determines that the waiver cannot be approved.  See 20 C.F.R. § 404.506(d).  If dissatisfied with the reconsidered determination on the existence of an overpayment, or a personal-conference determination on waiver, the individual may next make a written request for a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.1430(a)(1) & (a)(6).  If the individual is dissatisfied with the ALJ's hearing decision, or dismissal of a hearing request, he may request that the Appeals Council review the decision. 20 C.F.R. § 404.967.  Once the Appeals Council denies review, agrees to use of an expedited process, or issues a decision, the individual has received a final decision and may file a civil action in federal court. 20 C.F.R. §§ 404.900(a)(5), 404.981; see also 20 C.F.R. § 422.210.  Again, the decision is not considered a final agency decision that is subject to judicial review until all four steps have been completed.  42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(5).

(ECF No. 7 at PageID 49-50.)  Nothing in this decision prevents Mr. Gilbert from asking for reconsideration from the Social Security Administration regarding his initial determination that he had been overpaid.

Because no objections to the Report and Recommendation have been filed, the Court reviews the Report and Recommendation for clear error.  FED. R. CIV. P. 72(b)(3).  Upon full review of the Magistrate Judge's Report and Recommendation, the Court has not identified any clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**.  Defendant's Motion is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 12th day of July, 2024.

                                             /s/ Jon P. McCalla
                                             JON P. MCCALLA
                                             UNITED STATES DISTRICT JUDGE